IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
STATE OF MISSOURI

| | |
|---|---|
| Christopher Rooks, ) | |
|     Plaintiff, ) | Case No.: |
| ) | |
| vs. ) | |
| ) | |
| Experian Information Solutions, Inc. ) | |
| Serve at: ) | |
| 475 Anton Blvd ) | **JURY TRIAL DEMANDED** |
| Costa Mesa, CA 92626 ) | |
| ) | |
| Trans Union, LLC ) | |
| Serve at: ) | |
| R/A-The Prentice-Hall Corporation ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
|     Defendants, ) | |
| ) | |
| ) | |

## PETITION

Comes now Plaintiff, Christopher Rooks, by and through undersigned counsel; and states the following:

### INTRODUCTION AND JURISDICTION

1. This is an action for damages brought by an individual consumer for violations of the of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.* ("FCRA").

2. This Court has jurisdiction of the FCRA claim under 15 U.S.C. §1681q, 15 U.S.C. §1681k and 28 U.S.C. § 1331.

3. Venue is appropriate in this Court under 28 U.S.C. §1367(a) because Plaintiff resides in this District, Plaintiff suffered damages in this District, one or more of the Defendants regularly conduct business in this District, and Defendants directed their illicit conduct at Plaintiff in St. Louis, Missouri.

4. Plaintiff demands a trial by jury on all issues so triable.

## PARTIES

5. Plaintiff is a natural person currently residing in St. Louis, Missouri and is a consumer within the meaning of FCRA, 15 U.S.C. §1681a(c).

6. Experian Information Solutions, Inc. ("Experian") is a foreign corporation. Experian is a "consumer reporting agency or CRA" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

7. Trans Union, LLC ("Trans Union") is a foreign limited liability company. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

8. Defendants Experian and Trans Union disburse such consumer reports to third-parties under contract for monetary consideration.

## FACTS

9. Around June 2021, Plaintiff became a victim of identity theft. An unknown third party, ran unauthorized charges on his Discover Card and opened up an AT&T account in his name, doing the same.

10. Upon information and belief, Plaintiff did not owe AT&T and Discover any money.

11. Plaintiff never gave his permission or consent for any one to use his signature or name to open up the AT&T account or run up charges on his Discover card.

12. Plaintiff originally had a very low balance limit with Discover card. The fraudster had raised his credit limit immensely and put charges on there totaling over $80,000. The AT&T account had ties to Africa and was an international plan. Plaintiff does not even own a passport let alone have any need for an international plan. The fraudulent AT&T charges were around $20,000.

13. Plaintiff had vehemently disputed this account directly with Discover Card and AT&T to

inform of them of the fraud. They ignored his disputes and places the negative and inaccurate items on his consumer reports, indicating he owed a false balance.

14. Despite Plaintiff's numerous disputes Discover Card and AT&T repeated response to Plaintiff was that Plaintiff owed the false balance.

15. In addition to the previous disputes to AT&T and Discover Card Plaintiff also wrote detailed dispute letters to Defendant credit bureaus (Trans Union and Experian) explaining how he did not owe this. The dates of the disputes to the Defendant credit bureaus were July, September, October, and twice in November 2022.

16. The letters notified Defendants Trans Union and Experian, that they were reporting inaccurate and fraudulent credit information in his credit report. The letters to the CRAs Defendants requests for reinvestigation of the information that was inaccurate.

17. Plaintiff included a copy of his ID, FBI IC3 complaint and other documents showing the fraud and documents showing that he did not owe the false balance.

18. Upon information and belief, Defendants Trans Union and Experian using their normal practices, communicated Plaintiff's dispute to AT&T and Discover Card and represented to them that Plaintiff claimed the debt was not his and he was a victim of fraud and identity theft.

19. All Defendant credit bureaus verified the account and left the item reporting as derogatory accounts.

20. Upon information and belief, Defendants never contacted any relevant witnesses to find what they knew about the fraud in their investigation.

21. Defendants Trans Union and Experian failed to conduct a reasonable reinvestigation of Plaintiff's disputes and failed to comply with the reinvestigation requirements under 15 U.S.C. §1681.

22. Defendants Trans Union and Experian also failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports as required

by 15 U.S.C. §1681e(b).

23. As a result of Defendants' conduct, actions and inaction, Plaintiff suffered actual damages in the form of denial of credit as well as extreme mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation for credit worthiness.

24. Defendants' conduct, actions and inactions were willful.

### COUNT I – FCRA

15 U.S.C. § 1681o

25. Plaintiff re-alleges and incorporates by reference the above paragraphs.

26. Defendant credit bureaus negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

  a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports, as required by 15 U.S.C. §1681e(b);

  b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts; and

  c) failing to comply with the provisions of 15 U.S.C. Section 1681c-2, including failing to block information that resulted from identity theft.

27. As a result of Defendants Experian and Trans Union's negligent violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

28. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

29. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(b).

### COUNT II – FCRA

15 U.S.C. § 1681n

30. Plaintiff realleges and incorporates by reference the above paragraphs.

Electronically Filed - St Louis County - December 23, 2022 - 02:04 PM

31. Defendants Experian and Trans Union willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports, as required by 15 U.S.C. §1681e(b);

    b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts; and

    c) failing to comply with the provisions of 15 U.S.C. Section 1681c-2, including failing to block information that resulted from identity theft.

32. As a result of Experian and Trans Union's willful violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

33. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

34. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

35. Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. On Plaintiff's First Claim for Relief:

    a. Actual damages in an amount to be determined by the jury; and

    b. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury;

    c. Statutory damages as determined by the Court; and

Electronically Filed - St Louis County - December 23, 2022 - 02:04 PM

Electronically Filed - St Louis County - December 23, 2022 - 02:04 PM

   d.  Attorney fees and costs.

3.  Trial by jury is requested.

          By: /s/ Matthew P. Cook
            Cook Law, LLC
            Matthew P. Cook #62815
            Attorney for Plaintiff
            2885 Sanford Ave SW #42270
            Grandville, MI 49418
            Phone:  314-200-5536
            Email:  Cookmp21@yahoo.com

            s/ Matthew R. Osborne
            Matthew R. Osborne # 40835CO, pro hac forthcoming
            11178 Huron St., Ste 7
            Northglenn, CO 80234
            (303) 759-7018
            matt@mrosbornelawpc.com

            *Attorneys for Plaintiff*